UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
Cataldo Patruno

                Plaintiff,

    -against-

Nancy A. Berryhill


                Defendant.

-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-6082-FB

*Appearances:*
*For the Plaintiff*:
CHARLES E. BINDER
Law Offices of Charles E. Binder
and Harry J. Binder
485 Madison Ave.
Ste. 501
New York, NY 10022

*For the Defendant*:
PETER W. JEWETT
United States Attorney's Office
271 Cadman Plaza East
7th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    The Social Security Administration ("SSA") awarded Plaintiff Cataldo Patruno $111,107.00 in past due benefits but withheld $27,812.90 to pay a possible fee award. Patruno also obtained $4742.82 under the Equal Access to Justice Act ("EAJA"), but the parties stipulated that the EAJA award would be paid to Binder. Pursuant to a fee agreement, Binder now seeks the full amount withheld by the SSA. *See* ECF No. 17, Ex. 3. For the reasons below, Binder's fee request is

1

granted, but his share of the withheld funds is reduced to $12,595.00 for a *de facto* rate of $550 per hour.

Title 42, United States Code, Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision does not prohibit the use of contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) (prescribing reasonableness review of contingency fee agreements). Courts in the Second Circuit weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Binder requests 25% of the total past due benefits Patruno was awarded, and there is no allegation of fraud. Thus, the only remaining question is whether a *de facto* hourly rate of $1214.54 for 22.90 hours of work would constitute a "windfall" to Binder. It would. In *Sweda v. Berryhill*, Judge Chen of the Eastern District of New York approved a $500 for Binder's services. No. 16-

2

CV-6236 (PKC) 2019 WL 2289221, at *3 (E.D.N.Y. May 28, 2019). However, because the *Sweda* case is two years old, and Binder has achieved respectable results for his client, the Court will raise the fee to $550 per hour, resulting in a net award of $12,595.00.

## CONCLUSION

Patruno's motion is **GRANTED IN PART**. The Commissioner of the SSA is **DIRECTED** to disburse $12,595.00 to Binder pursuant to 42 U.S.C. § 406(b). If Binder has not already received the EAJA award, the Commissioner shall also disburse the amount of that award ($4742.82) to Binder. The remainder shall be disbursed to Patruno.

Upon receipt of these funds, Binder shall return all monies awarded under the EAJA to Patruno.

**SO ORDERED.**

                                          __/S/ Frederic Block_____
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
March 22, 2021