UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CATALDO PATRUNO,

              Plaintiff,         **MEMORANDUM AND ORDER**

   -against-         Case No. 18-CV-6082-FB

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

Plaintiff Cataldo Patruno ("Patruno") received disability benefits after the Court vacated the Social Security Administration's ("SSA's") denial of his application. His attorney, Charles E. Binder ("Binder"), now seeks approval of his contingency-fee agreement for 25% of Patruno's past-due benefits, or $27,812.90. The Court previously granted in part and denied in part Patruno's fee request. *See* ECF 20. That order is vacated. Patruno's unopposed request for fees is now granted in its entirety.

18 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-

1

due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). The first and second factors were not at issue when the Court initially decided Patruno's fee request, and are not at issue now. In its previous fee order, the Court determined that a de facto hourly rate of greater than $550.00 per hour would be a windfall. However, the Second Circuit's recent decision in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022) changes that.

In *Fields*, the Second Circuit provided guidelines for determining whether a fee award within the 25% cap constitutes a windfall. *See id*. First, the court should consider the expertise and ability of the lawyers and whether they were particularly efficient. *See id.* at 854. Second, it should consider the nature and length of the professional relationship with the claimant, including any representation at the agency level. *See id.* at 855. Third, a court should consider the satisfaction of the disabled claimant. *See id.* Fourth, a court should consider how uncertain it was that the case would result in an award of benefits and the efforts it took to achieve that result. *See id.*

There are no objections to Binder's expertise or the quality of his representation. Binder has represented Patruno since January 2018. There is no evidence of any concerns regarding Patruno's satisfaction with his representation or the outcome of the matter. Lastly, there was uncertainty as to whether Patruno would be found disabled after his claim was denied multiple times.

The Court finds that the hours spent on Patruno's case were reasonable. The effective hourly rate of Binder's representation is $1,214.54 per hour. This is within the range approved by courts and less than what was deemed reasonable for Binder's services by the Second Circuit in *Fields*. *See Hughes v. Saul*, No. 20-CV-01609 (ER), 2022 WL 2161191 at *3 (E.D.N.Y. Jun. 15, 2022); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100); *Fields*, 24 F.4th 845 (2d Cir. 2022) (finding reasonable a fee request for Binder's services at a de facto hourly rate of $1,556.98).

Therefore, the Court approves Patruno's fee request. However, since the statute requires that the "claimant's attorney… refund to the claimant the amount of the smaller fee," *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), Patruno's counsel must first refund to his client the $4,742.82 he received under the Equal Access to Justice Act. Contingent upon that refund, the Commissioner of Social Security is ordered to disburse $27,812.90 to Binder. Accordingly, the Court's previous memorandum and

order [20] deciding Patruno's fee request is vacated.

                                                                  /S/ Frederic Block
                                                                  FREDERIC BLOCK
                                                                  Senior United States District Judge

Brooklyn, New York
July 26, 2022